Oakley J.
When this case was formerly before us, [ante. vol. 1. p. 300,] we held that an action of assumpsit, would not lie against the defendant; and that if any action could be sustained, it must be debt, under the statute. The questions now presented in this record, are, first, whether an action of debt, in the present form, will lie; and, secondly, whether such action must be brought against a stakeholder, within three months after the cause of action accrues.
The first question seems to be decided in Allen v. Ehle, [7 Cow. R. 496.] That was an action of debt, in the form prescribed by the act, by the loser against the stakeholder of a bet, on the event of a horse-race. The objection was then taken, that the statute gave the action only against the winner. The court held, that the stakeholder was within its spirit and meaning, and the plaintiff was permitted to recover. That case, therefore, seems to be in point, upon the first question arising here.
*301 As to the second question, the fifth section of the act to prevent horse-racing, [1 R. L. 222,] provides, that any person, who may , ., , - ,, have paid any money on the event of any race, may recover the same in like manner, as is provided in the second and third sections of the gaming act. The second section of that act, gives an action of debt, for money had and received, against the winner, provided the same is brought within three months after the cause of action accrued. As the action against the stakeholder, is founded on this act, in connexion with the fifth section of the act to prevent horse-racing; it seems to me, that, the protection afforded to the winner, by the limitation in the act, is extended to him. No action can be sustained, under the second section of the gaming act, which is not commenced within three months after the loss of the money; and as all actions under the fifth section of the act against horse-racing, must be brought in the manner prescribed by the gaming act; it seems to follow, that the same limitation will apply to them.
I am of opinion, therefore, that upon the whole record, the defendant is entitled to judgment.

Judgment for the defendant, on the demurrer, with leave to the plaintiff, &c.

[D. Graham, Jun, Att'y for the plff. J. R. Whiting, Att'y for the deft.]